ARTHUR N. BEAN *vs.* ANDREW HUBBARD & another.

Trespass lies against an officer for taking goods exempt by law from attachment.

In an action against an officer for attaching goods exempt by law from attachment, evidence that the owner had included them in a mortgage, made without consideration, and with the intention of putting his property out of the reach of creditors, is immaterial.

Where evidence is rightly rejected, though for an insufficient reason, no exception lies.

THIS was an action of trespass to recover damages for taking goods of the plaintiff, and was tried before *Mellen,* J., in the court of common pleas.

On the trial, the plaintiff proved the taking of the property by both the defendants, and introduced evidence tending to show, that the goods were exempt from attachment, as necessary articles of household furniture. The defendants offered in evidence a writ against the plaintiff in favor of the defendant Hubbard, and proved that Beaman, the other defendant, was a constable, and authorized to serve the writ. And they objected to the form of action, contending that if the property was exempt from attachment, the plaintiff's remedy was by action on the case; but the court overruled the objection.

The defendants then called as a witness Otis A. Seamans, esquire, a counsellor and attorney of this court, who stated, on his examination, that in January, 1845, the plaintiff came to his office and employed him to draw a mortgage of personal property, including certain articles of household furniture, and in connection with this, asked his advice, and made certain statements, and that he understood that these statements were made to him as counsel, and that he had no right to testify to them. The plaintiff thereupon objected to his testifying further. The defendants' counsel then stated, that if the witness could be permitted to testify, his testimony would be as follows: That the plaintiff inquired of him what property was attachable, whereupon he referred to the statute, and read it to the plaintiff; that the plaintiff then directed him to put into the mortgage the property mentioned in the plaintiff's writ; that he then asked the plaintiff what

the condition of the mortgage was to be, and was told to make it $80; that, after the mortgage was made and a note written, the plaintiff, as he was going out, turned and said, that he did not owe the mortgagee the money, but that it was to cover the property, and soon after added, " I guess I'm soon enough for them now. If they get the start of me, they will have to get up early." And the defendant offered to prove these statements by the witness. But the court excluded the evidence on the ground that it was a privileged communication.

The jury, under instructions which were not excepted to, found a verdict for the plaintiff, and the defendants then excepted to the foregoing rulings of the court.

*W. G. Bates,* for the defendants, to the point that the action should have been case, and not trespass, cited *Tarlton* v. *Fisher,* 2 Doug. 671; *Chase* v. *Fish,* 4 Shep. 132; *Carle* v. *Delesdernier,* 1 Shep. 363; *Foss* v. *Stewart,* 2 Shep. 312; *Donahoe* v. *Shed,* 8 Met. 326; *Wilmarth* v. *Burt,* 7 Met. 257; *Horton* v. *Hendershot,* 1 Hill, 118; *People* v. *Warren,* 5 Hill, 440; *State* v. *Morgan,* 3 Ired. 186.

*R. A. Chapman,* for the plaintiff, as to the form of action, cited *Six Carpenters' Case,* 8 Co. 146; *Oystead* v. *Shed,* 12 Mass. 536; *Gibson* v. *Jenney,* 15 Mass. 205; *Howard* v. *Williams,* 2 Pick. 80; *Brown* v. *Wait,* 19 Pick. 470; *Buckingham* v. *Billings,* 13 Mass. 82; *Malcom* v. *Spoor,* 12 Met. 279; *Kaley* v. *Shed,* 10 Met. 317; *Holly* v. *Huggeford,* 8 Pick. 73; *Kittridge* v. *Sumner,* 11 Pick. 50; *Daily* v. *May,* 5 Mass. 313; *Glidden* v. *Smith,* 15 Mass. 170; *Briggs* v. *Strange,* 17 Mass. 405.

SHAW, C. J. Supposing the goods in question were exempted from attachment, the defendant contends, that trespass *de bonis asportatis* against the officer is not the proper form of action. No case directly in point is cited; those referred to are cases of arrest, which are not strictly analogous. But in regard to property, if an officer cannot justify his taking under his writ, in general, he is liable to an action of trespass *de bonis asportatis;* as if he takes goods not the property of the defendant; or when his original taking is right.

but he afterwards abuses his authority, he is a trespasser *ab initio*, and this action lies.

In the specific case of taking goods exempted by law from attachment, the practice has been, ever since the passing of the statute on the subject, to bring trespass. We are not aware that the point has ever been adjudicated, because, we think, it was never contested. *Buckingham* v. *Billings*, 13 Mass 82 ; *Gibson* v. *Jenney*, 15 Mass. 205 ; *Howard* v. *Williams*, 2 Pick. 80 ; *Brown* v. *Wait*, 19 Pick. 240. In these cases, and probably in many others, trespass *de bonis asportatis*, by the defendant against the officer, for taking goods exempted from attachment, was the form of action, and judgments were rendered in them. This exception, we think, cannot be sustained.

In regard to the other point, the objection to the testimony of Seamans, it seems to be hardly necessary to inquire, very particularly, whether the admissions of the plaintiff, offered to be proved by him, were privileged communications, as between attorney and client, or not ; because the evidence, if given, would have been wholly immaterial. If the goods were liable to attachment on that writ, this plaintiff could . maintain no action ; if they were exempt from attachment for his debts, he did no wrong to creditors by mortgaging them without consideration or otherwise ; such a mortgage would not be fraudulent, and could not render goods liable to attachment which were not so otherwise.

The evidence being rightly rejected, though on ' another ground than that stated, the exceptions cannot be sustained.

*Exceptions overruled.*